HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAIL SHEPARD, | CASE NO. C12-5117-RBL |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| CASCADE HARDWOOD, a limited liability company, | (Dkt. #12) |
| Defendant. | |

Plaintiff Gail Shepard sued Cascade Hardwood, alleging Cascade violated the Family and Medical Leave Act by terminating her for missing work after a car accident. Shepard moves for partial summary judgment on whether Cascade is liable under the FMLA. Cascade responds that Shepard cannot establish she was entitled to FMLA leave, and that material facts are in dispute. Shepard's Motion for Partial Summary Judgment is DENIED.

**I. FACTS**

In January 2007, Shepard began working at Cascade as a full-time employee. On February 23, 2011, Shepard was involved in a car accident on her way to work. Shepard fractured her sternum and sprained her back in the accident. Shepard finished her work week,

1  but missed parts of some work days for chiropractic appointments.  Shepard worked during

2  lunch to make up the missed time.

3        On March 7, 2011, Shepard did not go to work as scheduled.  Instead, Shepard went to

4  see her doctor, Paul Williams, M.D., about her injuries.  Shepard notified Cascade about her

5  doctor's appointment that day.

6        After her doctor's appointment, Shepard informed Cascade about her injuries and her

7  need to take off work for the rest of the week.  Originally, Shepard planned to use her vacation

8  time, but Cascade told Shepard her leave would be under the FMLA.

9        On March 9, 2011, Cascade sent Shepard a package of information about FMLA leave.

10  The package included an FMLA notice, an FMLA leave request form, and a Health Care

11  Provider Certification for Shepard's doctor to complete.  The FMLA notice stated Shepard was

12  on FMLA leave as of March 7, 2011.  It also asked Shepard to bring a fitness-for-duty note from

13  her doctor when she returned to work.  Cascade told Shepard to fill out and return the FMLA

14  paperwork before she came back to work.

15        On the following Monday, March 14, 2011, Shepard attempted to return to work.

16  Shepard, however, did not have a fitness-for-duty note clearing her for work or her completed

17  FMLA paperwork.  Cascade informed Shepard that she could not return to work without the

18  required note.  Shepard contacted Dr. Williams, who faxed a fitness-for-duty note to Cascade.

19  Dr. Williams' note cleared Shepard for work on March 7, 2011.  This date contradicted

20  Shepard's absence from work.  Cascade scheduled a meeting with Shepard on March 16 to

21  discuss this discrepancy, and informed her that she was now on extended leave without pay.

22

23

24

On March 15, 2011, Shepard saw Dr. Williams again.  He completed Shepard's FMLA paperwork, which cleared Shepard for work on March 15.  Shepard provided this paperwork to Cascade that day.

The next day, Shepard met with her supervisor and two human resources representatives at Cascade to discuss the discrepancy between Dr. Williams' note clearing Shepard for work on March 7 and Shepard's absence from work that week.  At the end of the meeting, Cascade terminated Shepard because of her unexcused absences from work.

Shepard sued, alleging that Cascade violated the FMLA by failing to restore her to her former employment position and by denying her FMLA benefits to which she was entitled.  She now claims she is entitled to judgment as a matter of law on Cascade's liability for this claim.  In response, Cascade argues that Shepard cannot establish she was entitled to FMLA leave, because Shepard's fitness-for-duty note contradicts her request for FMLA leave and is therefore invalid. Cascade also argues that summary judgment is not warranted because material facts surrounding the note are in dispute.

## II. DISCUSSION

### 1.  Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v.*

1    *Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not

2    affect the outcome of the suit are irrelevant to the consideration of a motion for summary

3    judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words,

4    "summary judgment should be granted where the nonmoving party fails to offer evidence from

5    which a reasonable [fact finder] could return a [decision] in its favor."  *Triton Energy*, 68 F.3d at

6    1221.

7         **2.   Summary Judgment is Not Warranted Because Material Facts Are in Dispute**

8         Shepard seeks partial summary judgment on Cascade's liability under the FMLA.  A

9    plaintiff asserting an FMLA claim must establish five elements: (1) she was eligible for the

10   FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to leave

11   under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her

12   employer denied her FMLA benefits to which she was entitled.  *Sanders v. City of Newport*, 657

13   F.3d 772, 778 (9th Cir. 2011).

14        Cascade argues that Shepard cannot establish she was entitled to FMLA leave (element

15   3), because Shepard's fitness-for-duty note contradicts her request for FMLA leave and is thus

16   invalid.  Def.'s Resp., Dkt. #18 at 8.  Cascade also argues that summary judgment is not

17   available because the material facts surrounding the fitness-for-duty note are in dispute.  Def.'s

18   Resp., Dkt. #18 at 9–10.

19        Under the FMLA, an employer may require an employee to provide a fitness-for-duty

20   note before returning to work.  29 C.F.R. § 825.312.  Cascade asked Shepard to provide a

21   fitness-for-duty note before she came back to work.  At Shepard's request, Dr. Williams faxed a

22   fitness-for-duty note to Cascade.  Dr. Williams' note stated Shepard was able to work on March

23   7.  Zanzig Decl., Ex. G, Dkt. #19 ("Shepard was seen today…[s]he is released to go back to

24

1   work with no restrictions.").  Shepard, however, did not return to work until the next week.  As a

2   result of this discrepancy, Cascade contends the fitness-for-duty note is invalid and therefore

3   Shepard is not entitled to FMLA leave.

4         In response, Shepard argues Dr. Williams' fitness-for-duty note was "misdated."  Pl.'s

5   Mot., Dkt. #12 at 7.  In his declaration, Dr. Williams stated he had prepared an initial note

6   clearing Shepard for work before March 15, and inadvertently sent this note to Cascade on

7   March 14.  Williams Decl., Dkt. #15 at 2.  At his deposition, Dr. Williams testified that he wrote

8   the fitness-for-duty note on March 10 rather than March 7 as the note indicates.  Zanzig Decl.,

9   Ex. C, Dkt. #19 at 23.  Dr. Williams also testified that he was releasing Shepard to go back to

10  work when he wrote the note on March 10.  Zanzig Decl., Ex. C, Dkt. #19 at 25.

11        Shepard also argues that she provided a valid fitness-for-duty certification on March 15

12  when she submitted her FMLA paperwork to Cascade.  Pl.'s Reply, Dkt. #24 at 3.  Dr. Williams

13  completed this paperwork and cleared Shepard for work on March 15.  Thus, Shepard argues that

14  she is entitled to FMLA leave.  Pl.'s Reply, Dkt. #24 at 6.

15        Taken in the light most favorable to Cascade, there are genuine issues of material fact

16  regarding whether Shepard was entitled to FMLA leave during the period she was absent from

17  work.  As discussed above, there is conflicting evidence regarding the fitness-for-duty note and

18  when Shepard was cleared for work.  On its face, Dr. Williams' fitness-for-duty note cleared

19  Shepard for work on March 7.  There is evidence, however, that Shepard was not cleared for

20  work until March 10 or March 15.  These facts indicate that there is a genuine issue for trial

21  regarding Shepard's entitlement to FMLA leave.  Accordingly, partial summary judgment on

22  Cascade's liability under the FMLA is not warranted.

23

24

1

## III. CONCLUSION

2    For the reasons stated above, the Motion for Partial Summary Judgment (Dkt.

3  #12) is **DENIED.**

4    Dated this 18th day of April, 2013.

5

6    _____

7    RONALD B. LEIGHTON
     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24